## HATFIELD *v.* KING.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF WEST VIRGINIA.

No. 221. Submitted May 2, 1902.—Decided June 2, 1902.

This case having been decided below on demurrer, and having been brought to this court on appeal, and it appearing that the appearance of one of the defendants below was improvidently entered, and certain charges having been made involving the conduct of counsel, the case was remanded, for reasons stated, to the Circuit Court for the Northern District of West Virginia, to be dealt with, 184 U. S. 162, notwithstanding that while it was pending here that State was divided into two districts, 31 Stat. 736, c. 105, and ordinarily the case would fall within the Southern District. On motion to change the decree to that effect, the court, in view of the terms of the act and the situation of the case, declined to modify it.

THE case is stated in the opinion of the court.

*Mr. Holmes Conrad* for appellants.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

In this case a decree was entered in favor of King on June 2, 1900, in the Circuit Court for the District of West Virginia, from which an appeal was allowed to this court, and the case docketed, and the record filed, January 3, 1901. Subsequently certain motions were made, on the submission of which it was contended by appellants that the decree against them ought to be set aside because they had not had the hearing in that court

to which they were entitled by law ; that they were not served with process ; and that counsel, unauthorized by them, had entered their appearance. The matter was submitted November 11, 1901, and decided February 24, 1902. *Hatfield* v. *King,* 184 U. S. 162. Our decree remanded the cause " to the Circuit Court of the United States for the Northern District of West Virginia, with directions to set aside the decree as well as the appearance of defendants, and to proceed thereafter in accordance with law ; and also to make a full investigation, in such manner as shall seem to it best, of the various charges of misconduct presented in the motions filed in this court, and to take such action thereon as justice may require."

In the course of the opinion it was said : " It is fitting that this investigation should be had in the first place in the court where the wrong is charged to have been done and before the judge who, if the charges are correct, has been imposed upon by counsel, and it may be wise that both examination and cross-examination be had in his presence."

After the case had been docketed, and on January 22, 1901, an act was approved, which divided the State of West Virginia into two judicial districts, called the Northern and Southern Judicial Districts, and provided that the District Judge of the District of West Virginia in office at the time the act took effect should be the District Judge for the Northern Judicial District of West Virginia as thereby constituted. 31 Stat. 736, c. 105.

By the eighth section of the act it was provided that causes and proceedings then pending in the courts of the District of West Virginia, which would have been cognizable in the courts of the Northern Judicial District as created by the act, were transferred to that district; and similarly as to pending causes and proceedings falling within the new Southern District.

This proviso was added : " Provided, that all motions and causes submitted and all causes and proceedings, both civil and criminal, including proceedings in bankruptcy now pending in said judicial district of West Virginia as heretofore constituted, in which the evidence has been taken in whole or in part before the present district judge of the judicial district of

West Virginia as heretofore constituted, or taken in whole or in part and submitted and passed upon by the said district judge, shall be proceeded with and disposed of in said northern judicial district of West Virginia as constituted by this act."

We think it sufficiently appears from the record that this case, when decided below, was pending in the Circuit Court of the United States for the District of West Virginia, at Charleston, in the county of Kanawha, a county included in the Southern District created by the act; and it involved lands situated in counties now in that District.

The decree entered by this court, February 24, 1902, remanded the cause to the Northern District of West Virginia, that the decree of the Circuit Court might be set aside, and certain proceedings be taken. A motion is now made to amend that decree so that the case may be sent to the Southern District, not only in respect of final hearing and decree on the merits therein, but also as to matters involved on the motions treated of in our previous opinion, which we considered it best should be passed on by the judge who rendered the original decree, the correctness of which view is confirmed by observations of counsel.

The motions were twofold, to reverse the decree and to remand the cause for further proceedings in accordance with law, and also to proceed against certain persons as for contempt of court. We concluded that an investigation ought to be had, and that it ought to take place in the court where the wrong was asserted to have been done, and before the judge who had been imposed upon, if the charges were correct, as to which we expressed no opinion. And we did not feel constrained by the terms of the act to remand the case to the Southern District; but on the contrary, as by the proviso, motions and causes submitted, in which the evidence had been taken in whole or in part, that is to say, matters *in gremio*, were to be proceeded with and disposed of in the Northern Judicial District, we regarded that proviso as broad enough to permit the course taken by us in the order made. While it may be said that a suit is pending even after decree rendered,

yet the words " now pending," used in the eighth section, literally apply to cases remaining unheard and undecided, and no particular provision was therein made in reference to cases pending on appeal. Nevertheless it is true that if there had been nothing more in this case than a decree by this court, affirming or reversing the decree below, the case would have been remanded to the district in which the property in controversy was situated, and in which the case would have been brought if the new District had then existed. But, as will have been seen, the case was not determined on its merits here, and proceedings were thought necessary to be taken independent of the ultimate disposition of the case. Therefore we entered the decree of February 24, and, upon further reflection, have concluded that it should not be amended.

*Motion denied.*

Mr. Justice Harlan took no part in the consideration and disposition of this motion.